## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01870-TWP-TAB |
| | ) |
| CITY OF INDIANAPOLIS, | ) |
| DARIN ODIER, | ) |
| KRISTINA KROBOV, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Interested Party. | ) |

### ORDER DENYING DEFAULT JUDGMENT, SCREENING AND DISMISSING COMPLAINT, AND DIRECTING PLAINTIFF TO SHOW CAUSE

This matter is before the Court on Plaintiff Dennis Wilson's ("Mr. Wilson") Motion for Default Judgment (Dkt. 13). For the reasons explained in this Order, a default judgment is **denied.** Mr. Wilson is a federal inmate currently located at Petersburg Medium Federal Correctional Institution in Virginia. He filed his complaint for damages against the City of Indianapolis, Darin Odier, and Kristina Korobov, (collectively "the Defendants") in his closed criminal case, No. 1:19-cv-00198-JRS-MG. The clerk was directed to strike the complaint in Mr. Wilson's closed criminal case and to open this new civil action. (Dkt. 1). Because Mr. Wilson is a "prisoner," this Court has an obligation to screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I.     Default Judgment

Mr. Wilson's Complaint for damages was filed on October 17, 2023 (Dkt. 2), however he failed to pay the filing fee and his partial payment was not received until December 8, 2023.  On

January 22, 2024, Mr. Wilson filed a Motion for Default Judgement asserting that each of the Defendants had been served and each has failed to file an answer to his complaint. (Dkt. 13).  The United States appeared by counsel as an interested party in this action on February 5, 2024 (Dkt. 14) and on behalf of Defendants Korobov and Detective Odier, responded in opposition to Mr. Wilson's motion. (Dkt. 15).  The Government contends the Court must deny the motion for default because,

> First, the Court has not yet screened the Complaint pursuant to 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A, the Court should first review the initial Complaint and dismiss the complaint or any portion of it if the plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from relief. 28 U.S.C. § 1915A(b)(1). Second, the Defendants have not been properly served under Fed. R. Civ. P. 4. Specifically, the United States Attorney's Office has not been served with a copy of the Complaint and summons.

*Id*. at 2.

The Government is correct. As noted earlier, because Mr. Wilson is a "prisoner," this Court has an obligation to screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).  Although Mr. Wilson has attached an exhibit showing that a summons was left with Detective Odier's spouse (Dkt.13-1), this service was premature as it was made before the Court had an opportunity to screen his complaint. None of the Defendants have been properly served with process, and thus, the motion for default judgment, dkt. [13], is **DENIED.**

## II.     Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under

that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Wilson names the City of Indianapolis, Darin Odier, a cybercrimes unit detective in Avon, and Kristina Korobov, a United States Attorney in Indianapolis, as defendants in his complaint. Dkt. 2 at 1. Mr. Wilson's 23-page complaint raises twelve issues he outlines as: (1) dismissal of charges; (2) vindictive prosecution; (3) change of judge; (4) suppression of evidence; (5) suppression of written statements; (6) limitation of cross-examination; (7) variance between information and evidence; (8) sufficiency of evidence; (9) vindictive prosecution and prosecutorial misconduct; (10) improper sentencing; (11) cumulative effect of errors; and (12) improper initiation of healthcare to a prisoner. *Id.* Mr. Wilson asserts that he is "a disabled male, unable to walk on his own," and that he "was accused, abused, prosecuted, and imprisoned." *Id.* at 2.

Mr. Wilson alleges the following. On February 2, 2018, Detective Odier "filed a disastrous Criminal Complaint against Plaintiff," and this caused him to receive a 45-year sentence for crimes he never committed. *Id.* at 2-3. Specifically, he was charged with five counts of sexual exploitation of a minor in case number 1:18-mj-00116. *Id.* at 3. Mr. Wilson's complaint details how he believes his underlying criminal conviction was "frivolous, incorrect, and false based on many errors, inconsistent testimony, falsified evidence, and lack of evidence." *Id.* at 15. Mr. Wilson denies that he pled guilty and states his counsel "handled the case more like the Prosecutors of Mr. Wilson[.]"

*Id.* He states there are several other case numbers associated with this case, "1:19-cr-198-JRS-DLP, 1:18-mj-0116, 1:19-cr-00198-JRS-MG, [and] 1:18-mj-00116-MJD." *Id.* at 18. Prosecutor Korobov "decided he was guilty, no matter what it took to get that guilty verdict, it was done." *Id.* at 20. Mr. Wilson alleges that as an African American male, he was sentenced differently than white males. *Id.* at 2.

Mr. Wilson suffers from liver disease, hepatitis A, pancreatitis, bronchitis, sciatic nerve damage, lumbar degenerative disc disease, acid reflux, and that he has been in prison for five years, but he has not had access to his medical records. *Id.* at 17. He takes multiple medications that are not readily available in prison, and without proper medication and treatment, he will "succumb to his illnesses in prison." *Id.*

Mr. Wilson seeks compensatory damages, punitive damages, and immediate release from prison so that he may attain proper medical treatment. *Id.* at 22. He is now in a wheelchair, and his condition worsens daily. *Id.*

### III. Dismissal of Complaint

Applying the screening standard to the factual allegations in the complaint, Mr. Wilson's complaint must be **dismissed for failure to state a claim** upon which relief may be granted.

First, Mr. Wilson's overall purpose in filing the complaint appears to be an attempt to challenge his criminal convictions. But any associated claims are *Heck* barred:

> In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held (so far as relates to this case) that a person who has been convicted of a crime cannot seek damages or other relief under federal law (as in a suit under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)) for violation of his rights by officers who participated in the investigation of prosecution of the criminal charge, if "a judgment in favor of the plaintiff [in the civil suit] would necessarily imply the invalidity of his conviction or sentence."

4

*Hill v. Murphy*, 785 F.3d 242, 244 (7th Cir. 2015) (parallel citations omitted). Therefore, Mr. Wilson cannot seek a civil remedy for wrongful incarceration unless he demonstrates that his conviction has been overturned. *Johnson v. Winstead*, 900 F.3d 428, 439 (7th Cir. 2018). Mr. Wilson has not alleged that his convictions have been overturned, and any challenge to these convictions must be raised in a habeas proceeding, rather than a civil action. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Indeed, a review of this Court's docket indicates that Mr. Wilson's 28 U.S.C. § 2255 collateral attack on a sex crime conviction in case 1:19-cr-198-JRS-DLP was denied, and that action was dismissed with prejudice on March 26, 2024. *See Wilson v. USA*, No. 1:21-cv-00178-JRS-CSW, dkts. 26 and 27. Mr. Wilson has an appeal pending in the Seventh Circuit related to this collateral attack. *Id.* at 32 (USCA Case Number 24-1708).

Second, to the extent Mr. Wilson seeks immediate release due to medical conditions he references in his complaint, this is not relief available to him in a civil rights action. The Court's docket indicates that Mr. Wilson's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), for compassionate release, was denied on August 16, 2023. *See USA v. Wilson*, 1:19-cr-198-JRS-MG, dkt. 60.

Finally, to the extent Mr. Wilson seeks to assert Eighth Amendment claims against the named defendants related to his medical care, these claims fail. Mr. Wilson is in federal custody in Petersburg, Virginia. Thus, no Indiana defendant is responsible for his medical care or treatment. Moreover, in their roles as a detective and United States Attorney, the individual defendants do not have control over a prisoner's medical care. *See, e.g., Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an

5

alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Because the Court has been unable to identify a viable claim for relief against any defendant, the complaint is subject to dismissal.

### IV. Conclusion and Opportunity to Show Cause

Mr. Wilson's complaint must be dismissed for the reasons set forth above, and his Motion for Default Judgment (Dkt. 13), is **DENIED**. He shall have **through July 3, 2024, in which to show cause** why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954-55 (7th Cir. 2016) ("In keeping with this court's advice in cases such as Luevano . . . , the court gave Jennings 14 days in which to show cause why this case should not be dismissed on that basis."). Mr. Wilson's failure to respond by the deadline will result in dismissal of this action.

**IT IS SO ORDERED.**

Date: 6/5/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DENNIS WILSON
16190-028
PETERSBURG - MEDIUM FCI
PETERSBURG MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
PETERSBURG, VA 23804

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

6